J-S27021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| APRIL ROSECHELL NAVARRO | : | |
| | : | |
| Appellant | : | No. 2725 EDA 2025 |

Appeal from the Judgment of Sentence Entered September 17, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000359-2024

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 7, 2026**

Appellant, April Rosechell Navarro, appeals from the judgment of sentence entered on September 17, 2025, following her bench trial convictions for driving under the influence of alcohol or controlled substances (DUI), 75 Pa.C.S.A. § 3802(a)(1) and several summary offenses.  Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independent review of the record, we conclude that the instant appeal is wholly frivolous.  Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows.  On November 24, 2023, Appellant was arrested and charged with

DUI following a traffic stop in Parkesburg Borough, Chester County, Pennsylvania.[1]  As trial approached, Appellant, on May 23, 2025, filed a motion to suppress.[2]  After a hearing held on June 30, 2025, and immediately before the commencement of trial, the court denied Appellant's motion.  A non-jury trial ensued, after which the court found Appellant guilty of DUI and four summary traffic offenses. On September 17, 2025, the court sentenced Appellant to seventy-two (72) hours to six (6) months' confinement. Appellant was also ordered to: complete a CRN evaluation, Alcohol Highway Safety School, undergo a drug and alcohol evaluation and follow the recommended treatment, pay $1000.00 fine and court costs, and abide by rules and conditions governing parole and probation.

Appellant filed a notice of appeal on October 16, 2025, and the trial court ordered her to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).  On November 21, 2025, counsel, pursuant to Pa.R.A.P. 1925(c)(4), filed a statement of intent to seek leave to withdraw and to file a brief under

_____

[1] Appellant was also charged with multiple summary offenses, including: operation following suspension of registration, restriction on alcoholic beverages, operation of vehicle without official certification of inspection, and evidence of emission inspection.  *See* 75 Pa.C.S.A. §§ 1371(a), 3809(a), 4703(a), and 4706(c)(5), respectively.

[2] Appellant's motion to suppress alleged that Officer Justin Fonock of the Parkesburg Police Department initiated an unlawful traffic stop on November 24, 2023.  *See* Appellant's Motion to Suppress, 5/23/25, at ¶ 3(d).  Appellant therefore asked the trial court to suppress all evidence recovered during the November 24, 2023, detention.  *See id*. at Wherefore Clause.

*Anders* and *Santiago*. On April 14, 2026, the trial court filed a letter in lieu of a Pa.R.A.P. 1925 opinion.

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, we first determine whether counsel has fulfilled the necessary procedural requirements to withdraw as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the *Anders* procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel . ...[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them[.]"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

Here, appellate counsel complied with all of the above procedural obligations.[3] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the issue raised in the *Anders* brief, which is as follows:

_____

[3] Furthermore, Appellant has not responded to counsel's petition to withdraw.

I. Were Appellant's constitutional rights violated because she was not [read her rights under ***Miranda v. Arizona***, 384 U.S. 436 (1966)] prior to being asked where she lived?

II. Was the guilty verdict with regard to driving under the influence of alcohol or controlled substance against the weight of the evidence?

***Anders*** Brief at 2.

In her first issue, Appellant claims that her constitutional rights were violated because she did not receive ***Miranda*** warnings before she was asked to confirm her residential address. As a preliminary matter, we note that Appellant's motion to suppress broadly asserted that Appellant's initial detention by the police officer was unlawful and, therefore, all evidence recovered during that encounter should be suppressed. Because Appellant's suppression motion did not raise a ***Miranda*** claim, her first issue was never preserved before the trial court. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Whenever a claim, such as the suppression issue here, is not properly preserved before the trial court, this Court cannot address the claim within the context of its ***Anders*** review because "the mere filing of an ***Anders*** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal." ***Commonwealth v. Cox***, 231 A.3d 1011, 1016-1017 (Pa. Super. 2020).

Even if we were to consider Appellant's opening claim, we would conclude that it is wholly frivolous. ***Miranda*** warnings advise a suspect about

her right against self-incrimination and must be given prior to the commencement of custodial interrogation. *See Commonwealth v. Bess*, 789 A.2d 757, 762 (Pa. Super. 2002). This Court has held, however, that questions seeking only non-incriminating, biographical data do not amount to "police interrogation." *See Commonwealth v. Wray*, 442 A.2d 819, 820 (Pa. Super. 1982). Because Appellant was not subjected to custodial interrogation, the officer's request for her residential address did not call for the recital of *Miranda* warnings.

In her second claim, Appellant asserts that "a new trial should have been awarded in the interest of justice because the trial court's verdict [] was against the weight of the evidence." *Anders* Brief at 16. Citing her own trial testimony in which she offered innocent explanations as to why the arresting officers could have wrongly concluded that she was incapable of safe driving, Appellant asks us to reconsider the evidence introduced at trial and grant relief on her weight claim. *See id*. at 16-21.

This claim, too, is waived. A claim that the verdict was against the weight of the evidence must be raised with the trial court in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or, (3) in a post-sentence motion. Pa.R.Crim.P. 607(A). Appellant failed to raise her weight claim before the trial court in the manner prescribed by Rule 607(A); hence, her claim is waived and wholly frivolous.

Even if we were to reach Appellant's challenge to the weight of the evidence, we would conclude that the claim is wholly devoid of merit. We review a challenge to the weight of the evidence under a familiar standard.

> Our standard of review of a weight-of-the-evidence claim is for an abuse of discretion. Appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa. Super. 2011). "The weight of the evidence is exclusively for the fact-finder who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Small*, 741 A.2d 666, 673 (Pa. 1999), cert. denied, 531 U.S. 829 (2000). "An appellate court cannot substitute its judgment for that of the fact-finder." *Id.* "Thus, we may only reverse the [trial] court's verdict if it is so contrary to the evidence as to shock one's sense of justice." *Id.*

Appellant's claim asks us to credit her trial testimony and reject the testimony believed by the trial court in reaching its verdict. Our standard of review forbids such an assessment, and we therefore reject Appellant's contentions. Here, the trial court, serving as the fact-finder, heard the evidence at trial and was free to accept all, part, or none of it. We cannot usurp this function and substitute our own findings in order to award relief. Accordingly, we conclude that Appellant's second claim is wholly frivolous.

Based upon our review of the record, we agree with counsel that this appeal is wholly frivolous. Accordingly, we shall affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/7/2026